UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN, et al.,

      Plaintiff,

v.                                                                              Civil Case No. 21-10825
                                                                       Honorable Linda V. Parker

AQEEL MIXON,

      Defendant.
_____/

## OPINION AND ORDER REMANDING MATTER TO STATE COURT

On April 12, 2021, Defendant filed a notice of removal effectively removing to federal court the criminal proceedings brought by the State of Michigan against him. (ECF No. 1 at Pg ID 21-24.) It appears from the notice of removal that Defendant is attempting to assert constitutional and non-constitutional challenges to the state court proceedings.

The federal removal statute confers the authority on federal district courts to summarily remand a criminal prosecution to state court "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted[.]" 28 U.S.C. § 1455(b)(4). After examining the notice of removal and all attachments, the Court concludes that it lacks subject matter jurisdiction over the removed criminal case. Therefore, the Court is summarily remanding the matter to Michigan's 36th District Court.

Under federal law, state criminal proceedings may be removed to federal court in only rare circumstances. The removal notice does not cite any federal statute allowing removal of a criminal case, although the Court recognizes that Defendant is acting *pro se* and thus it will construe the notice liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under a liberal interpretation, however, the petition does not allow for removal under any conceivable statute.

28 U.S.C. § 1442 allows federal officers to remove criminal prosecutions against them in certain circumstances. *See Mesa v. California*, 489 U.S. 121 (1989). Defendant does not allege that he is an officer of the United States. 28 U.S.C. § 1442a allows removal of some criminal actions against members of the armed forces. Again, Defendant does not allege that he was a member of the armed forces at the time of the relevant offenses.

28 U.S.C. § 1443 allows removal of criminal cases in two circumstances. First, the case is removable if it is pending against a person who is denied or cannot enforce in the state courts a right under federal law providing for equal civil rights of citizens. 28 U.S.C. § 1443(1). Such laws are limited to those guaranteeing racial equality. *See Georgia v. Rachel*, 384 U.S. 780, 786-94 (1966). Removal under § 1443 is restricted to individuals unable to enforce their right to racial equality because of some formal expression of state law. *Rachel*, 384 U.S. at 803.

Defendant does not allege violations of a federal right to racial equality. He does not allege any Michigan law or policy precluding him from enforcing his rights. Instead, Defendant asserts violations of his due process rights, the Michigan Court Rules, and the Model Code of Judicial Conduct during the criminal proceedings. (*See* Notice of Removal at 4-8, ECF No. 1 at Pg ID 4-8.) Defendant appears to be challenging the constitutionality of his arrest and the partiality of the presiding judicial officers unrelated to his race. Such allegations are insufficient to confer jurisdiction under § 1443. *See Rachel*, 384 U .S. at 792; *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (explaining that, to remove a proceeding under § 1443, it must appear that the removing party cannot enforce his or her rights in the state court).

The other basis for removal under § 1443 is available only to state and "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under federal law providing for equal rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 & n.22 (1966). Defendant does not allege that he is a federal or state officer falling within the protection of this statute.

In short, Defendant's notice of removal does not set forth a basis for this case to be heard by a federal court. The matter falls clearly within the jurisdiction of the state courts, and not a federal district court. Defendant may assert his

federal defenses in the state courts, and, if unsuccessful, may seek certiorari in the United States Supreme Court.

Accordingly,

**IT IS ORDERED** that this matter is summarily remanded to the Michigan's 36th District Court.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 15, 2021